**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Love Sharma,
Petitioner,
v.
Luis Rosa, Jr., et al.,
Respondents.

No. CV-26-10053-PHX-DMF

**ORDER**

Petitioner Love Sharma filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) He alleges that he entered the United States without inspection in May 2023, was detained for approximately three days, and was then released on his own recognizance. (*Id.* ¶¶ 1-2.) He further alleges that he has since applied for asylum, withholding of removal, and protection under the Convention Against Torture, has complied with the conditions of his release, has no criminal convictions, and has experienced no change in circumstances. (*Id.* ¶¶ 2, 6, 38-39.) On or about October 25, 2026, approximately three years and five months after his release, Respondents re-detained him without notice or a hearing. (*Id.* ¶¶ 3, 57.) Petitioner contends his re-detention violates the Due Process Clause and the Immigration and Nationality Act, and he seeks immediate release and restoration of his prior release on his own recognizance. (*Id.* at 11-16.)

Respondents filed two responses to the Petition on the same day. (Docs. 9, 10.) Both state that "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and

*Rodriguez Vazquez v. Bostock*, No. 25 6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 9 at 1; Doc. 10 at 1.) Beyond that, the two filings cannot be reconciled. The first, dated November 4, 2026, asserts in a footnote that "the Phoenix Police Department arrested Petitioner on October 3, 2026," for possession or use of drug paraphernalia and loitering in a closed park, that "ICE took Petitioner into custody from the Phoenix Police Department," and that ICE records reflect numerous other arrests and a conviction for driving under the influence. (Doc. 9 at 1 n.1.) The second, dated November 6, 2026, says nothing of a Phoenix arrest or of any criminal history. It instead asserts that ICE officers approached Petitioner at a truck stop in Kingman, Arizona in a "consensual encounter," that Petitioner presented an employment authorization card and a California commercial driver's license bearing a Fresno address, that he wrote down an address in Renton, Washington when asked, that "[h]is address did not match USCIS," and that the officers then arrested him for failing to report a change of address in violation of 8 U.S.C. § 1305. (Doc. 10 at 1-2.) The second response does not purport to amend, correct, or withdraw the first, and does not acknowledge it at all. Neither response is accompanied by a declaration, an arrest report, a warrant, a custody determination, or any other document. Both rely instead on unspecified "ICE reports" that Respondents failed to provide.

A respondent in a habeas proceeding must "make a return certifying the true cause of the detention." 28 U.S.C. § 2243. For decades, courts have required that at least some competent evidence must be provided in a response to satisfy § 2243. *See, e.g., Garcia v. Boldin*, 691 F.2d 1172, 1178-79 (5th Cir. 1982) (finding that response providing "a certified record of the administrative hearings which showed the true cause of detention and which substantially answered the factual allegations of the petition" to "substantially compl[y] with 28 U.S.C. § 2243"); *Marslin v. Schmucker*, 89 F.2d 765, 767 (4th Cir. 1937) (finding that response providing "a full and complete transcript of the entire record upon which the warrant of deportation was issued" to satisfy former 28 U.S.C. §§ 456, 457, and 458, now combined as 28 U.S.C. § 2243). Respondents' filings fall well short of

that standard. The Court has before it two unsworn and mutually exclusive accounts of where, why, and by whom Petitioner was taken into custody: one in which ICE assumed custody from the Phoenix Police Department following a criminal arrest, and another in which ICE officers arrested Petitioner at a Kingman truck stop over an address discrepancy. Both cannot be true, and Respondents have not told the Court which, if either, is. Indeed, the second response identifies the alleged address violation as Petitioner's "new offense" without mentioning any other. (Doc. 10 at 2.) Neither account is supported by any evidence, and the unsworn assertions of counsel in a brief are not evidence. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002). The omission is particularly notable because the Petition specifically alleged that Respondents possess the custody records concerning both Petitioner's 2023 release and his current detention (Doc. 1 ¶ 5), yet Respondents produced none of them. Respondents have therefore failed to certify the true cause of Petitioner's detention, and the Petition's allegation that there has been no change in Petitioner's circumstances stands unrebutted by any competent evidence.

Even if the Court were to overlook the absence of evidence and credit the second response over the first, the justification it offers would not support Petitioner's re-detention. Respondents concede that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and they do not dispute that Petitioner was previously released on his own recognizance. (Doc. 10 at 1-2.) Respondents may revoke such a release under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9), but revocation under those provisions requires a showing of a material change in circumstances bearing on whether the noncitizen poses a danger to the community or a risk of flight. *See Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981) (explaining that, where a prior bond determination exists, "no change should be made by a District Director absent a change of circumstance," and finding such a change only where the removal order was accompanied by substantial new evidence of flight risk and danger developed at the hearing); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (applying *Sugay's* limit); *Ortega v. Bonnar*, 415 F. Supp. 3d

963, 968 (N.D. Cal. 2019) (recognizing that DHS re-arrests only after a "material" change in circumstances); *Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025) (change must be material as to danger or flight risk) (citing *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)). Respondents themselves acknowledge that release is the appropriate remedy where a noncitizen is re-detained and his "circumstances have not changed." (Doc. 10 at 2.)

Here, the only changed circumstance Respondents identify is Petitioner's alleged failure to report a change of address. That is not a material change in circumstances sufficient to justify re-detention, for three reasons. First, Respondents do not explain how the alleged failure bears on danger or flight risk. They do not contend Petitioner poses any danger to the community. As to flight, they say only that a current address "is necessary to facilitate notices for future hearings." (Doc. 10 at 2.) But Respondents do not claim that Petitioner missed a hearing, failed to receive a notice, failed to report, or violated any condition of his release during the more than three years he was at liberty. And their own account describes someone who was not hiding from immigration authorities: Petitioner spoke voluntarily with ICE officers, described his immigration history, produced his employment authorization card and driver's license, and wrote down his address when asked. (*Id.* at 1.)

Second, Respondents' assertion is too vague to establish that any violation occurred. Section 1305(a) requires a noncitizen to give notice of a change of address within ten days of the change. Respondents do not identify the address they had on file for Petitioner, the address at which he was living, or when he moved; they say only that "[h]is address did not match USCIS." (Doc. 10 at 1.) The single document Respondents point to undercuts their position. Respondents cite the first page of Petitioner's asylum application, which Petitioner filed as an exhibit, for the fact that he listed a residence in Wilton, Maine in 2023. (*Id.* at 1-2 n.1.) But the same page lists a mailing address in Renton, Washington (Doc. 1-1 at 7), the same city Respondents say Petitioner wrote down for the officers. So far as the record shows, a Renton, Washington address for

Petitioner has been on file in his removal proceedings since September 2023.

Third, Respondents do not claim that Petitioner has been charged with, let alone convicted of, any offense arising from the alleged address discrepancy. An uncharged and undocumented registration violation bears no resemblance to the showing found sufficient in *Sugay*, where a removal order was accompanied by substantial new evidence of flight risk and danger developed at a hearing. 17 I&N Dec. at 640. If an unexplained mismatch between addresses were enough, the material-change requirement would place no meaningful limit on re-detention.

Respondents acknowledge that they have not answered Petitioner's claim that he was unlawfully re-detained without pre-deprivation process, and they ask that, if the Court is not inclined to order a bond hearing, it set a further briefing schedule. (Doc. 10 at 2.) That request is denied. Respondents were required to show cause why the Petition should not be granted (Doc. 4), and they responded twice. The Petition put Respondents on notice that Petitioner sought release rather than a bond hearing, that he contended a bond hearing would not remedy his claims, and that unanswered re-detention claims have been treated as waived. (Doc. 1 ¶¶ 4, 29.) Respondents quote that very passage (Doc. 10 at 2), yet they elected not to brief the merits and offer no reason why they could not have presented their evidence and argument in either of their two filings. Section 2243 directs the Court to determine the facts summarily and "dispose of the matter as law and justice require," and Petitioner should not remain in custody while Respondents take a third opportunity to explain why he is there. The Court therefore finds any defense to Petitioner's claims waived. *See N-E-M-B v. Wamsley*, No. 25-cv-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims.").

A bond hearing would not remedy the violation. Respondents previously determined that Petitioner could be released on his own recognizance, and they have shown no material change in circumstances since. Ordering a bond hearing would leave Petitioner detained while he litigates anew a release he had already been granted. The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("[t]he typical remedy for [unlawful] detention is, of course, release"); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. The remainder of the Petition is denied as moot.

(2) Respondents' request for a further briefing schedule (Doc. 10) is **denied**.

(3) Respondents must immediately release Petitioner from custody under the same conditions that existed before his re-detention.

(4) Respondents must file a notice of compliance within two days of this Order.

(5) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without seven (7) days prior written notice to Petitioner and an opportunity for Petitioner to be heard at a hearing by a neutral immigration judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(6) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 10th day of November, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge